UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION


FILED
AUG 07 2008
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 03-50020-02 |
| Plaintiff, | \* | |
| vs. | \* | ORDER REGARDING ALIBI DEFENSE |
| JOHN GRAHAM, a/k/a John Boy Patton, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The government provided Defendant Graham with a Federal Rule of Criminal Procedure 12.1(a) Request for Notice of Alibi Defense. (Doc. 240.) Defendant filed a response arguing that the request is unfair and unreasonable, in part due to the amount of time that has passed since the crime allegedly occurred, and Defendant seeks an exception to the notice requirements of Rule 12.1(a). (Doc. 243.) In its Reply Memorandum, the government asks the Court to exclude the testimony of any undisclosed witnesses regarding any calimed alibi by Defendant at trial. (Doc. 244.)

Rule 12.1(e) provides that if a party fails to comply with the notice requirements of the rule, "the court may exclude the testimony of any undisclosed witness regarding the defendant's alibi." FED.R.CRIM.P. 12.1(e). Rule 12.1(d) provides that for "good cause shown" the court may grant an exception to any of the notice requirements. FED.R.CRIM.P. 12.1(d). An alibi defense is not barred by Defendant's failure to disclose alibi witnesses, but Defendant will be precluded from presenting testimony of witnesses in support of an alibi defense unless he demonstrates good cause for failing to disclose the witnesses earlier. *See United States v. Webster*, 769 F.2d 487, 490 (8th Cir. 1985) (the sanction for failure to comply with 12.1(a) is exclusion of the testimony of any undisclosed witness). Defendant will not be precluded from presenting documentary evidence, his own

testimony, or argument in support of an alibi defense at trial. *See, e.g., United States v. Johnson*, 354 F.Supp.2d 939 (N.D. Iowa 2005) (failure to disclose alibi witnesses prohibited testimony of those witnesses at trial, but defendant would be allowed to "present her own testimony as to her whereabouts, any non-testimonial evidence of her whereabouts, and argument in support of an alibi defense premised on such evidence").

IT IS SO ORDERED.

Dated this 7th day of August, 2008.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: /s/ Shelly Margulies
   DEPUTY