UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
OCT 0 3 2008
CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 03-50020-02 |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION AND |
| JOHN GRAHAM, | * | ORDER DISMISSING INDICTMENT |
| a/k/a John Boy Patten, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending before the Court is Defendant's Motion to Dismiss Indictment filed on September 23, 2008. (Doc. 300.) A hearing was held on October 2, 2008, with counsel appearing by telephone. After consideration of the parties' briefs and arguments, as well as the entire file in this case, the Court will dismiss the Superseding Indictment.

Defendant Graham is charged in a Superseding Indictment under 18 U.S.C. § 1111 (murder), 18 U.S.C. § 1153 (major crimes committed within Indian Country), and 18 U.S.C. § 2 (aiding and abetting). A prosecution under 18 U.S.C. § 1153 requires the government to prove that an Indian committed one of fourteen enumerated crimes (including murder) against another Indian, or any person, within Indian Country. *See* 18 U.S.C. § 1153(a). In their briefs regarding the Motion to Dismiss, the parties focused on whether or not Graham is an Indian. Graham argued that he is not an Indian while the government asserted that he is an Indian. The Court issued an Order scheduling a hearing on the Motion to Dismiss the Indictment. (Doc. 324). In that Order, the Court cited *United States v. Pemberton*, 405 F.3d 656, 659 (8th Cir. 2005), and *United States v. White Horse*, 316 F.3d 769, 772 (8th Cir. 2003), for the proposition that the parties' dispute over Graham's status as an Indian would be a matter of proof for trial. The Court directed the parties to instead focus on the

issue of whether the absence of an allegation that Graham is an Indian renders the Superseding Indictment insufficient to charge Graham with a crime under 18 U.S.C. § 1153.[1]

Defendant's motion to dismiss the Superseding Indictment is based on Rule 12(b)(2) and Rule 12(b)(3)(B). (*See* Doc. 300.) Rule 12(b)(3)(B) provides that "at any time while the case is pending, the court may hear a claim that the indictment ... fails to invoke the court's jurisdiction or to state an offense." Fed.R.Civ.P. 12(b)(3). The question in the present case is whether the Superseding Indictment fails to state an offense under 18 U.S.C. § 1153 because it does not allege Graham is an Indian.

The court finds instructive the reasoning of the Tenth Circuit in *United States v. Prentiss*, 206 F.3d 960 (10th Cir. 2000) ("*Prentiss I*"). A divided panel of the Tenth Circuit vacated a conviction for arson under 18 U.S.C. §§ 81 and 1152, holding that: (1) the absence of the essential elements of the defendant's and the victim's Indian status in the indictment deprived the defendant of his Fifth Amendment right to be tried only on charges presented in an indictment returned by a grand jury, and (2) that the indictment's deficiency was not subject to harmless error review. *Id.* at 966-77. Unlike the present case where Graham has raised a challenge prior to trial, the challenge to the

---

[1] In *White Horse* and *Pemberton*, the sufficiency of the indictments was not challenged. The indictment in *White Horse* alleged a violation of 18 U.S.C. § 1152 and stated that the victim was an Indian. (*See United States v. Guy Randy White Horse*, CR 01-50002, Doc. 2, Indictment.) Those allegations are sufficient for a charge under 18 U.S.C. § 1152 because section 1152 applies to offenses committed in Indian country by non-Indians against Indians and by Indians against non-Indians. *See, e.g., United States v. Prentiss*, 273 F.3d 1277, 1278 (10th Cir. 2001) (section 1152 establishes federal jurisdiction over interracial crimes only). The indictment in *Pemberton* alleged the defendant was a non-Indian under 18 U.S.C. § 1152, and alternatively, that he was an Indian under 18 U.S.C. § 1153. Accordingly, the indictment stated two federal offenses on its face. The Eighth Circuit in *White Horse* and *Pemberton* rejected the defendants' arguments that their Indian status was relevant to subject matter jurisdiction. That comports with the established law that a facially valid indictment is not subject to a challenge that it is based on incompetent or unreliable evidence. *See United States v. Williams*, 504 U.S. 36, 54-55 (1992); *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) ("On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. For the most part, that question does not involve any examination of the evidence.") (citations omitted).

2

indictment in *Prentiss* was raised for the first time on appeal. On rehearing en banc, a majority of the Tenth Circuit agreed with the first holding in *Prentiss I*, but disagreed with the second holding and remanded the case to the panel to determine whether omitting the elements of the offense was harmless error. *United States v. Prentiss*, 256 F.3d 971, 985 (10th Cir. 2001) (en banc) (*"Prentiss II"*).[2] On remand, the Tenth Circuit panel held that the indictment's failure to allege the Indian status of the victims or the defendant was not harmless, and the conviction was vacated. *United States v. Prentiss*, 273 F.3d 1277 (10th Cir. 2001) (*"Prentiss III"*).

Similarly, the Ninth Circuit in *Hilderbrand v. United States*, 261 F.2d 354 (9th Cir. 1958), dismissed the indictment as insufficient, post-trial, because it did not allege that the defendant or the victim were Indians. Later, in *United States v. James*, 980 F.2d 1314 (9th Cir. 1992), the Ninth Circuit ruled that the indictment was defective because it failed to allege both the defendant and the victim were Indians which are essential elements under 18 U.S.C. § 1153. The Ninth Circuit in *James* refused to dismiss the indictment post-trial because the charging statute was cited in the indictment, and the defendant had adequate knowledge of the missing elements; he had a copy of the grand jury proceedings which included testimony that the defendant and the victim were Indians. The Ninth Circuit said that the reference to the charging statute would not have cured the defect in the indictment had the challenge been made prior to trial. *James*, 980 F.2d at 1318. In the case at hand, the Court has no need to consider the impact of a defendant raising a post-trial challenge to an indictment.

In the present case, there is no dispute that Graham's Indian status is an essential element of a charge under 18 U.S.C. § 1153. *See, e.g., Pemberton*, 405 F.3d at 659 (Indian status of defendant

---

[2]*Prentiss II's* second holding that harmless error review applies to a challenge to an indictment for its failure to charge an offense made for the first time on appeal was later overruled in *United States v. Sinks*, 473 F.3d 1315 (10th Cir. 2007). The Tenth Circuit in *Sinks* followed the Supreme Court's post-*Prentiss* decision in *United States v. Cotton*, 535 U.S. 631 (2002), and reviewed a challenge to the sufficiency of an indictment for plain error. *See Sinks*, 473 F.3d at 1321.

is a necessary element under section 1153); *cf. United States v. Torres*, 733 F.2d 449, 454 (7th Cir. 1984) ("[i]n order to prosecute under 18 U.S.C. § 1152, the government must prove, as a jurisdictional requisite, that the crime was in violation of a federal enclave law, and that the crime occurred between an Indian and a non-Indian within Indian country.") Furthermore, there is no dispute that the Superseding Indictment fails to set forth Graham's Indian status.[3] An indictment must set forth the essential elements of the offense charged or it is fatally defective. *United States v. Denmon*, 483 F.2d 1093, 1095 (8th Cir. 1973). If the elements are clearly set forth in the indictment in the words of the statute itself, that is sufficient to state an offense. *See United States v. Zangger*, 848 F.2d 923, 925 (8th Cir. 1988); *see also United States v. Broncheau*, 597 F.2d 1260 (9th Cir. 1979) (indictment sufficient because it closely follows language of section 1153 setting out the necessary elements to be proved by government: that defendant was an Indian who stabbed a non-Indian on Indian land.) Simply citing the charging statute, however, does not cure the omission of an essential element of the charge because that citation does not ensure that the grand jury has considered and found all essential elements of the crime. *United States v. Camp*, 541 F.2d 737, 740 (8th Cir. 1976). Defendants have a Fifth Amendment right to be tried on charges found by a grand jury. *Id.*; *Zangger*, 848 F.2d at 925 (defendant's Fifth Amendment right to be tried on charges found by a grand jury has been violated if an essential element is omitted from indictment). In order to ensure that Graham will not be brought to trial except for charges found by a grand jury, the invalid Superseding Indictment cannot be cured by amendments or additions except by re-submission to the grand jury. *United States v. Opsta*, 659 F.2d 848, 850 (8th Cir. 1981). The government's argument at the hearing that its proposed jury instructions and its Memorandum in Opposition to the Motion to Dismiss provided enough notice to Graham that he was being charged as an Indian has no merit. "The issue is not notice to the defendants. Rather, the question is whether the grand jury has considered the missing element." *United States v. Williams*, 429 F.3d 767, 775 (8th Cir. 2005). The grand jury could not have seen the government's recently filed brief or proposed instructions prior

---

[3] By comparison, the Superseding Indictment is sufficient as to co-defendant Arlo Looking Cloud because it alleges he is an Indian.

to returning the Superseding Indictment, and there is no evidence that they considered the essential element of Graham's Indian status. Thus, the Court must dismiss the Superseding Indictment without prejudice to the government's right to seek re-indictment of Graham.

The Court rejects the government's argument that charging Defendant Graham in the Superseding Indictment with aiding and abetting under 18 U.S.C. § 2 is enough to charge him with a federal offense under 18 U.S.C. § 1153, even if Defendant Graham is not an Indian, because his co-defendant and others that Graham allegedly aided and abetted are Indians. There is no authority for this proposition. The aiding and abetting statute is simply another means of convicting someone of the underlying substantive offense, which in this case is murder. *See United States v. Roan Eagle*, 867 F.2d 436, 445 (8th Cir. 1989) (aiding and abetting is "linked to the underlying offense. . . "). Citation of 18 U.S.C. § 2 in the Superseding Indictment is not enough to cure the omission of the essential element of 18 U.S.C. § 1153 (the underlying substantive offense) that Graham is an Indian. *See, e.g., United States v. McKnight*, 799 F.2d 443, 445 (8th Cir. 1986) (an indictment merely alleging a violation of 18 U.S.C. § 2 is inadequate; another substantive crime must be alleged). Accordingly,

IT IS ORDERED that the Motion to Dismiss Indictment Doc. 300, is granted without prejudice to the government's right to reindict and reprosecute Graham.

Dated this 3rd day of October, 2008.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk of Courts
By /s/ Milly Margulies , Deputy
(SEAL)

5